UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL QUILLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07-CV-2100-DJS ) |
| STATE OF MISSOURI, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that Quilling is financially unable to pay any portion of the filing fee. As a result, Quilling will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

As the grounds for bringing this action in Federal Court against the State of Missouri, plaintiff states, as follows: "Violation of civil right[.] Denial of testimony, evidence[.] Denial of fair trial." Quilling seeks monetary relief, as well as an order freeing his son from jail.

To the extent that plaintiff is attempting to bring an action under 42 U.S.C. § 1983 against the State of Missouri, the Eleventh Amendment (sovereign immunity) bars him from doing so. See Quern v. Jordan, 440 U.S. 332, 338-39 (1979) (§ 1983 does not abrogate a state's Eleventh Amendment immunity). Moreover, after carefully reviewing the complaint, the Court concludes that plaintiff has failed to state a claim or cause of

action against the State of Missouri.[1]  As such, the instant action will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Daniel Quilling's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Daniel Quilling's motion to appoint counsel [Doc. #4] is denied as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  25th  day of February, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

---

[1]Although a pro se complaint is to be liberally construed, the complaint must contain a short and plain summary of facts sufficient to give fair notice of the claim asserted.  Means v. Wilson, 522 F.2d 833, 840 (8th Cir. 1975).  The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.